IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JAMES ANTHONY FREE, #219 694      *

    Petitioner,                       *

    v.                                 * CIVIL ACTION NO. 1:05-CV-331-F
                                         WO

GRANT CULLIVER, WARDEN, *et al*.,  *

    Respondents.                  *

_____

**ORDER**

Respondents filed an answer on June 20, 2005 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (Doc. No. 10.) They contend therein that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief. Specifically, Respondents argue that Petitioner's claims regarding the sufficiency of the evidence, the right against self-incrimination, and trial counsel's ineffectiveness are without merit because they were properly adjudicated on the merits by the state courts. *See Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). Respondents further maintain that Petitioner's remaining claims are procedurally barred from review by this court. Specifically, Respondents argue that Petitioner's claims that his capital murder conviction was the

result of the trial court's improper denial of a jury instruction on circumstantial evidence, and the trial court's failure to provide him with a copy of the Grand Jury testimony used to indict him, were presented on direct appeal but abandoned in his petition for writ of certiorari to the Alabama Supreme Court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Petitioner's allegations that his capital murder conviction was (1) the result of a procedural due process denial for not transcribing voir dire proceedings, (2) the product of an unsworn jury, (3) the trial court's failure to give jury instructions on lesser included offenses, and (4) the trial court's improper amendment of the indictment, were held to be procedurally defaulted by the Alabama Court of Criminal Appeals on appeal of Petitioner's Rule 32 petition because these claims could have been raised at trial or on direct appeal but were not.  *See Harris v. Reed*, 489 U.S. 255 (1989).  Petitioner's challenges to appellate counsels' performance were raised for the first time on appeal of his Rule 32 petition, and the Alabama Court of Criminal Appeals determined the claims were barred from review for this reason. *Id.*;  *see also Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988).

     28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court.  To prevail on his § 2254 claims which were

adjudicated on the merits by the state courts, Petitioner must show that a decision by the Alabama state courts "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2);[1] *see Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id.* at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal

---

[1] 28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)  resulted in a decision contrary to, or involved an unreasonable application of, clearly established, federal law as determined by the Supreme Court; or

(2)  resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

3

principle to a new context in a way that is objectively unreasonable. *Id.* at 407.

A procedural default bars consideration of the merits of a claim unless Petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if Petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if Petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that within twenty-one days of the filing date of this Order Petitioner may file a response to the answer filed by Respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after the time for filing a response has expired, the court shall "determine whether an evidentiary hearing is required. If it appears

4

that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when responding to Respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is cautioned that in responding to Respondents' assertion that some of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal, or in available post-conviction proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with

specificity. Moreover, if Petitioner claims that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, he must show specific reasons for the application of this exception.

DONE, this 29th day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE