IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ANTHONY FREE, #219 694 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 1:05-CV-331-F |
| | (WO) |
| GRANT CULLIVER, WARDEN, *et al.*, | * |
| Respondents. | * |

**ORDER**

Respondents filed a supplemental answer in response to the court's July 18, 2005 Order directing them to respond to Petitioner's assertion that appellate counsel's ineffectiveness is cause for his procedural default with regard to his claims that the trial court failed to give a jury instruction on circumstantial evidence and failed to provide him with a copy of the Grand Jury testimony used to indictment him. (Doc. No. 26.) Respondents argue that Petitioner's allegations of ineffective assistance of appellate counsel are themselves procedurally defaulted as they were not presented to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988). (*Id.*)

A procedural default bars consideration of the merits of a claim unless Petitioner can

establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if Petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that within twenty-one (21) days of the filing date of this order Petitioner may file a response to the supplemental answer filed by Respondents. Any pleadings, documents or evidence filed after this filing deadline will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after the deadline for filing a response the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when responding to Respondents' supplemental answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' supplemental answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is cautioned that in responding to Respondents' assertion that the claims noted herein are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims at the appropriate times in state court either at the trial court level, on appeal or other available post-conviction proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if Petitioner claims that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, Petitioner must show specific reasons for the application of this exception.

DONE, this 9th day of August, 2005.

/s/ Susan Russ Walker

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE