IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

JAMES ANTHONY FREE, #219 694          *

    Petitioner,          *

      v.          *          1:05-CV-331-MEF
                              (WO)

GRANT CULLIVER, WARDEN, *et al.*,          *

    Respondents.          *

_____


## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on April 6, 2005 by Petitioner James Free ["Free"].  Following a jury trial in the Circuit Court for Houston County, Alabama, on September 19, 2001, Free was convicted of capital murder.  Free is serving a sentence of life imprisonment without the possibility of parole. (Doc. No. 10, Exhs. A, C.)

Free appealed his conviction and sentence to the Alabama Court of Criminal Appeals. That court affirmed Free's conviction on September 20, 2002 and denied his application for rehearing on November 1, 2002.  The Alabama Supreme Court denied Free's petition for writ of certiorari on January 24, 2003.  (Doc. No. 10, Exhs. B, C, E, H.)

On November 10, 2003, Free filed a Rule 32 petition in the trial court.  The trial court entered a written order on February 20, 2004 denying the post-conviction petition. On appeal, the Alabama Court of Criminal Appeals affirmed the lower court's decision in a memorandum filed September 22, 2004.  The appellate court overruled Free's application for rehearing on October 15, 2004.  On January 7, 2005, the Alabama Supreme Court denied his petition for writ of certiorari. (Doc. No. 10, Exhs. H, I, K, L, M, O.)

In his petition filed April 6, 2005, Free presents  the  following claims for relief:

1.   His conviction resulted from insufficient evidence;

2.  His conviction resulted from insufficient circumstantial evidence;

3.  His conviction resulted from insufficient evidence to support kidnapping as an element of capital murder;

4.  His conviction resulted from an improper denial of his request for a jury instruction on circumstantial evidence;

5.  His conviction resulted from a violation of his right against self-incrimination;

6.  His conviction resulted from the trial court's denial of a copy of his grand jury testimony used to indict him;

7.   His conviction resulted from a denial of due process where his voir dire proceedings were not transcribed;

8. His conviction resulted from the trial court's failure to give jury instructions on the lesser included offenses of first degree assault and criminally negligent homicide;

2

9.   His conviction resulted from the trial court's improper amendment to his indictment;

10. He received ineffective assistance of counsel (12 grounds); and

11. He received ineffective assistance of appellate counsel.

(Doc. No. 1.)

## II.  DISCUSSION

*A.  Disposition of Claims*

In their answer, Respondents maintain that Free's claims regarding the sufficiency of the evidence used to convict him, his right against self-incrimination, and trial counsel's ineffectiveness were properly adjudicated on the merits by the state courts.  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). They assert that Free's remaining contentions are procedurally defaulted. (Doc. Nos. 10, 26.)   Free has responded to the Respondents' contentions. (*See* Doc. Nos. 17, 28.)   After reviewing the § 2254 petition, Respondents' answer and supplemental answer, and Free's responses, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

*B.  The Adjudicated Claims*

*i.  Standard of Review*

To prevail on his § 2254 claims adjudicated on the merits by the state courts, Free must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[1] *see Williams*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application

---

[1]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)    resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)    resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

4

of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411.

A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v. Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

*ii. Sufficiency of the Evidence*

Free alleges that the State failed to produce sufficient evidence at trial to sustain his conviction, that the State failed to produce sufficient circumstantial evidence to sustain his conviction, and that his conviction resulted from the State's failure to produce sufficient evidence of kidnapping as an element of the offense of capital murder. The court understands Free to argue that the state court's conclusion that the evidence was sufficient to sustain his conviction was incorrect because the Supreme Court has clearly established the legal standard for assessing such claims and the state court's decision was "contrary to, or involved

5

an unreasonable application of" this precedent and constituted "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship,* 397 U.S. 358, 364 (1970). Under § 2254 , habeas relief on a claim of insufficient evidence is appropriate only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson,* 443 U.S. at 318-319.  Sufficiency claims are judged by the elements defined by state law.  *Id*. at 324 n.16.

The Alabama Court of Criminal Appeals reviewed the evidence in the record and found no basis on which to reverse the jury's conclusion that there was sufficient evidence of  proof of guilt of each of the elements of capital murder and sufficient evidence of kidnapping to justify a verdict  against Free for the offense of capital murder in violation of

Ala. Code § 13A-5-40(a)(1).[2]  The appellate court began its opinion by providing a summary

of the evidence presented at trial:

> The facts adduced at trial indicate that the following occurred: In the early hours of
> the morning on Saturday, April 26, 1997, after a night of partying, which had at one
> point included Free at a bar earlier in the evening, the victim, April Hargadon, and
> Mike Lewis rode in the victim's red pick-up truck to Lewis's mobile home in
> Houston County. The victim and Lewis continued to drink alcohol upon arriving at the
> mobile home. Lewis made a phone call, and shortly thereafter, Free arrived at the
> mobile home. Hargadon testified that Free made some sort of hand gesture to Lewis
> behind the victim's back indicating that the victim talked too much. Free and the
> victim went outside to wrestle. When the victim was ready to come back inside, Free
> hit the victim in the back of the head with a beer bottle. The victim fell to the ground,
> and Free sat on his chest, pounding on the victim's face for approximately 20
> minutes.  Hargadon in the house and the neighbor across the street heard the victim
> moaning and groaning. Lewis came out onto the front porch with a shotgun and
> stated that they "had to end this." (R. 89)  Lewis and Free argued over who was to
> kill the victim.  Hargadon went outside and took the shotgun away from Lewis and
> put it in the bedroom.  Hargadon returned to the front porch and overheard Lewis and
> Free still discussing who was going to kill the victim. Hargadon, afraid, ran away.
> The last thing she heard was Lewis and Free arguing over who was going to shoot the
> victim. She testified that she knew that the victim was still alive at that point in
> time because she could hear him moaning and groaning.
>
> The neighbor testified that, at 5:30 that morning, she and her husband were leaving
> with their gamecocks for a "chicken fight"and she still heard the victim's moans. She
> then heard a sound like something hitting metal, followed by more moans from the
> victim. She did not hear any gunfire.
>
> Around 6:30 that same morning Free and Lewis arrived at Ray Alford's house in
> Florida. They were driving the victim's pick-up truck. Free and Lewis were "bloody
> all over," and the bed of the truck had "gobs of blood all over." As Free was
> washing out the bed of the truck, he asked Lewis to help him, to which Lewis
> responded, "[Y]ou made the mess, . . . you clean it up." (R . 211.)  There was so
> much blood, Alford testified, that he thought Lewis and Free had killed a deer or a
> cow.
>
> On May 4, 1997, a fisherman found the victim's body floating in the
> Choctowhatchee River, approximately two miles from the Choctowhatchee Bridge

---

[2]Ala. Code § 13A-5-40(a)(1) defines as a capital offense "[m]urder by the defendant during a
kidnapping in the first degree or an attempt thereof committed by the defendant."

and not very far from Alford's home. A police investigation at Lewis's mobile home yielded the victim's watch, which was still running, but damaged, and evidence of a  struggle. The forensic pathologist who performed the autopsy on the victim testified that the victim ultimately died from either skull fractures or two gun shot wounds to the head, that the gunshot wounds were definitely fatal wounds, but the victim would have died from the skull  fractures. She testified that the victim could have been alive at the time of the gunshots or the fractures.[2]

> FN2. The pathologist could not testify as to the order of the wounds because of the putrefying effect of the river water on the tissues of the victim's body.

(Doc. No. 11, Exh. D at pgs. 2-3.)

The Alabama Court of Criminal Appeals then turned its attention to Free's three specific challenges to the sufficiency of the evidence.  After setting forth the standard of review, the appellate court  addressed Free's contention that there was insufficient  evidence of kidnapping to justify a verdict of capital murder under § 13A-5-40(a)(1).   The appellate court determined that:

> [Free] contends that the evidence indicated that the victim voluntarily ventured out to Lewis's mobile home and that there was no evidence regarding when the victim was placed in the pick-up truck and whether he was alive at the time he was placed in the pick-up truck. Therefore, he alleges, there was insufficient evidence for the jury to find that the victim was killed during a kidnapping in the first degree. Free advanced these same arguments in his post-trial motions and during the hearing on those motions.

> As for Free's argument that there could not have been a  kidnapping because the victim voluntarily drove out to the scene of the crime, as the State points out, we addressed a similar argument in Duncan v. State, [Ms. CR-95-1544, September 17, 1999] ___ So.2d ___, ___ (Ala. Crim. App. 1999):

>> "The appellant contends that the evidence was insufficient to support his conviction for capital murder under § 13A-5-40(a) (1) because, he says, the State failed to prove the elements of kidnapping in the first degree. The appellant argues that there was no evidence of a kidnapping, because, he says, the victim was never restrained, held, abducted, or forcibly confined. In support of his argument, the

appellant contends that the victim was willing to be a passenger in the truck and was voluntarily with the participants at the scene of the killing until the moment of her death.

"Section 13A-6-43 defines " kidnapping in the first degree" as follows:

" '(a)  A person commits the crime of kidnapping in the first degree if he abducts another person with intent to

" ' . . .

" '(3) Accomplish or aid the commission of any felony or flight therefrom: or

" '(4)  Inflict physical injury upon him . . . .' "

"The abduction element of kidnapping in the first degree is defined at § 13A-6-40(2), as  follows:

" '(2) ABDUCT. To restrain a person with intent to prevent his liberation by either:

    " '(a) Secreting or holding him in a place where he is not likely to be found, or

    " '(b) Using or threatening to use deadly physical force.' "

"Additionally, 'restrain' is defined at § 13A-6-40(1), Ala. Code 1975, as follows:

    " '(1) To intentionally or knowingly restrict a person's movements unlawfully and without consent, so as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved. Restraint is "without consent" if it is accomplished by:

        " ( a ) Physical force, intimidation or deception . . . .'

"This Court stated in <u>Owens v. State</u>, 531 So.2d 2, 13-14 (Ala. Cr. App. 1986):

"'Proof of intent, necessary to convict under § 13A-6-43, "must be found by the jury and may be inferred from the facts and circumstances attending the whole transaction." <u>Doss v. State</u>, 23 Ala. App. 168, 123 So. 237, 248 (1923). In the case at bar, the State's evidence was predominately circumstantial in nature. "A conviction may be had on evidence which is entirely circumstantial, so long as that evidence is so strong and cogent as to show defendant's guilt to a moral certainty." <u>Tanner v. State</u>, 291 Ala. 70, 71, 277 So.2d 885, 886 (1973). "The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." <u>Cumbo v. State</u>, 368 So.2d 871, 874 (Ala. Crim. App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). In reviewing the sufficiency of the State's evidence of kidnapping in the first degree, we must view the evidence in the light most favorable to the State. <u>Id</u>.'"

In this case, although the victim apparently voluntarily drove out to join the party at Lewis's mobile home, this fact does not necessarily negate the possibility that he was restrained against his will at some later point in time that morning. Therefore, this portion of Free's argument is without merit.

Moreover, viewing the evidence in a light most favorable to the State, the evidence adduced at trial could certainly allow the jury to infer that the victim was indeed alive at the time he was placed in the pick-up truck and that Free and Lewis abducted him with the intent to shoot him in the head upon reaching their destination. Therefore, this portion of Free's argument is also without merit.

(Doc. No. 11, Exh. D at pgs. 4-7.)

With respect to Free's challenge to the sufficiency of the evidence and the sufficiency of the circumstantial evidence used to convict him of capital murder, the appellate court determined the following:

. . . Free argues that the State did not present any direct evidence of where the shots were fired, when the shots were fired, and who fired them. [footnote omitted]. Apparently, he takes issue with the circumstantial nature of the evidence.

"'This Court is well aware that where "circumstantial evidence points to the guilt of the accused, it will support a conviction as strongly as direct evidence." Newsome v. State, 570 So.2d 703, 710 (Ala. Cr. App. 1989). Accord, Jones v. State, 514 So.2d 1060, 1067 (Ala. Cr. App.), cert. denied, 514 So.2d 1068 (Ala. 1987). However, "no rule is more fundamental or better settled than that convictions cannot be predicated upon surmise, speculation, and suspicion to establish the accused's criminal agency in the offense charged." Benefield v. State, 286 Ala. 722, 724, 246 So.2d 483, 485 (1971), quoted in Crafts v. State, 439 So.2d 1323, 1325 (Ala. Cr. App. 1983).'

"Atwell v. State, 594 So.2d 202, 213 (Ala. Cr. App. 1991), cert. denied, 594 So. 2d 214 (Ala. 1992).

"""'While a jury is under a duty to draw whatever permissible inferences it may from the evidence, including circumstantial evidence, mere speculation, conjecture, or surmise that the accused is guilty of the offense charged does not authorize a conviction. [Citations omitted.]   A defendant should not be convicted on mere suspicion or out of fear that he might have committed the crime. Harnage v. State, 49 Ala. App. 563, 274 So.2d 333 (1972). While reasonable inferences from the evidence may furnish a basis for proof beyond a reasonable doubt, Royals v. State, 36 Ala. App. 11, 56 So.2d 363, cert. denied, 256 Ala. 390, 56 So.2d 368 (1951), mere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence.'" [Citations omitted.]

"""'An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. [Citations omitted.] It is a logical and reasonable deduction from the evidence and is not supposition or conjecture.  Guesswork is not a substitute. [Citations omitted.] A supposition is a conjecture based on the possibility or probability that a thing could have or may have occurred without proof that it did occur. [Citation omitted.] The possibility that a thing may

11

> occur is not alone evidence, even circumstantially, that the thing did occur.'"'
>
> "Patterson v. State, 538 So.2d 37, 42 (Ala. Cr. App. 1987), conviction rev'd, 538 So.2d 43 (Ala. 1988), quoting Ex parte Williams, 468 So.2d 99, 101-02 (Ala. 1985) ."

> Mullins v. City of Dothan, 724 So.2d 83, 86 (Ala. Crim. App. 1998).

> From the facts enumerated above, a jury could reasonably infer that Free shot the victim sometime between 5:30 and 6:30 in the morning, somewhere between Houston County and North Florida, and threw his body in the river. The evidence, although mostly circumstantial, was sufficient to convict Free; therefore, this argument is without merit.

(Doc. No. 11, Exh. D at pgs. 7-10.)

Based on its own independent review of the record in this case, the court finds that the Alabama Court of Criminal Appeals' disposition of Free's sufficiency claim was neither contrary to nor or an unreasonable application of clearly established federal law. Moreover, the state court properly adjudicated this claim based on a reasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d)(2). Therefore, Free is entitled to  no relief on his claims challenging the sufficiency of the evidence used to convict him.

### iii.  Ineffective Assistance of Counsel

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984) in affirming the lower court's decision with respect to Petitioner's claim of ineffective assistance of counsel. (Doc. No. 10, Exh. K, pg. 2.)  *Strickland* sets forth the clearly established federal law on this issue.  Thus, this court will determine whether the state

courts' rejection of Petitioner's claims of ineffective assistance of counsel "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."   28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  Free must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, he must establish that his attorney's performance "fell below an objective standard of reasonableness."  *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id.*  Once this threshold test is met, Free must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, Free is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17.  There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy.  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

13

The state court did not decide Free's claims of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the state appellate court's rejection of the ineffective assistance of counsel claims was not contrary to actual Supreme Court decisions.

This court must therefore determine whether the Alabama Court of Criminal Appeal's decision to reject the ineffective assistance of counsel claims was an unreasonable application of the *Strickland* standard.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Free asserts several grounds in support of his claim that trial counsel rendered a deficient performance. Specifically, Free argues that trial counsel performed deficiently when counsel: (1) failed to correct the record on appeal by including voir dire proceedings; (2) failed to object to the trial court's failure to swear in the jury venire before voir dire examination; (3) failed to object to the State's proof of intent by hearsay; (4) failed to object

14

to April Hargadon's testimony on hearsay; (5) failed to protect his right to confront witnesses against him; (6) failed to object to Ray Alford's testimony as hearsay; (7) failed to object to 404(b) evidence; (8) failed to request jury instructions on the lesser included offense of criminally negligent homicide; (9) failed to object to erroneous instructions by the trial court which amounted to an improper amendment of the indictment; (10) presented a prejudicial closing argument; and (11) conceded Free's guilt during closing arguments.

Presented with these claims challenging trial counsels' alleged deficient performance, the Alabama Court of Criminal Appeals concluded that the record supported the trial court's determination that trial counsels' representation was sufficient and that counsel provided Free with effective representation.  (Doc. No. 10, Exh. K at pg. 2.) It determined that Free's claims against trial counsel were "not supported by fact or law and d[id] not meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984)." (*Id.*)

Free claims that his trial attorneys were ineffective for failing to include the transcript of the voir dire proceedings.  This failure, Free states, "to record and preserve . . . . the voir dire proceedings complained of visits a hardship upon him and prejudice[d] his appeal" by preventing him from establishing a "Batson/Gender, challenge for cause," and other "extreme constitutional violations that occurred during voir dire proceedings. . ." (Doc. No. 1 at pg. 41.)

Free's trial attorneys also represented him on appeal.  Thus, with regard to this particular claim, it appears that Free actually challenges trial counsels' performance in their role as appellate counsel on appeal of Free's conviction.  On appeal, counsel presented

several claims for appellate review.  Their decision not to request transcripts of the voir dire proceedings to assert a challenge to the jury composition reflects a  strategic "winnowing out of weaker arguments on appeal and focusing on" those more likely to prevail rather than a deficient performance.  *Jones v. Barnes,* 463 U.S. 745, 751-52  (1983).

Ineffective assistance of appellate counsel may be shown if a petitioner can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker....  Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir.1994). However, a criminal petitioner has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal.  *Jones*, 463 U.S. at 752.  Here,  Free has not shown that he was in any way prejudiced by counsels' performance to the extent that his conviction is unreliable.  Thus, this challenge to his attorneys' performance is without merit.

Free argues that trial counsel performed deficiently by failing to make certain objections during trial. Specifically, Free maintains that the record is silent as to whether the jury venire was sworn prior to voir dire  and counsel, therefore, should have objected to the failure of the clerk to do so.  Free further contends that trial counsel failed to object: (1) to the hearsay testimony of witnesses in order to protect his right to confront witnesses against him, (2) to the state's proof of intent by hearsay, (3) to the introduction of  404(b) evidence, and (4) to jury instructions which amounted to an improper amendment of the indictment.

Free's challenge to trial counsels' failure to object in the instances noted are either conclusory, unsupported, or simply without merit.  In order to succeed on these allegations of ineffective assistance of counsel, Free must show that his counsels' performance was constitutionally deficient and that he was prejudiced by his counsels' errors.  *Strickland*, 466 U.S. at 691.  Specifically, Free must establish that his attorneys' failure to object on the stated grounds resulted in an unfair trial. *Id.* at  693-94; *see Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). *See also Truesdale v. Moore*, 142 F.3d 749, 753-54 (4th Cir. 1998) (to violate the *Strickland* standard counsel's choices and strategic decisions must be objectively unreasonable).

Here, Free has not met his burden of demonstrating that trial counsels' alleged shortcomings did not fall within the wide spectrum of what can be considered reasonable assistance of counsel and that he was prejudiced as a result of counsels' conduct.  *See Strickland*, 466 U.S. at 694.  Thus,  the instant challenges to trial counsels' performance are without merit.

Free next argues that trial counsel failed to request jury instructions on lesser included offenses of first degree assault and criminally negligent homicide. The record evidence reflects that trial counsel requested a jury instruction on the lesser included offenses of manslaughter, murder, and attempted murder. (*See* Doc. No. 11, Exh. A.)  The code section dealing with assault in the first degree, Ala. Code § 13A-6-20, pertains only to incidents where the victim was seriously injured in some fashion but was not killed. Thus, Free has failed to demonstrate counsels' ineffectiveness in not requesting a first degree assault

17

instruction, a charge not supported by the evidence.  Similarly, the evidence did not support an instruction on criminally negligent homicide.  *See* <u>Ala. Code</u> § 13A-6-4.  As discussed herein, the evidence presented at trial was sufficient to sustain a conviction for capital murder.  The jury, despite receiving instructions on the other lesser included offenses of manslaughter, murder, and attempted murder, concluded that the evidence was  sufficient to find Free guilty of  the greater offense of capital murder.  Consequently, Free has not shown that his trial attorneys' performance fell below an objective standard of reasonableness  and, therefore, this challenge to trial counsels' performance is without merit.

Free finally contends that trial counsel rendered an ineffective performance by giving a prejudicial closing argument where counsel compared Free to a terrorist involved in the September 11, 2001 attacks and where counsel conceded Free's guilt.  While defense counsel did reference the September 11 attacks, the record clearly shows that Free was not compared to a terrorist.   (Doc. No. 11, Exh. A, TR. 326-28.)

Free argues that trial counsel conceded his guilt by asking during closing arguments, "[a]re you going to find him guilty of murder in the first degree, which carries up to a life sentence," . . . and commenting shortly thereafter "[a]nyway, you can find him guilty of lesser offenses."   (*Id*. TR. at 336-337.)   Counsel continued from there to state:

> And I know that some of them carry severe sentences, but not the supreme sentence, for we have to take another person's life.  Is that going to bring back anybody: Is that going to do anything except appease the feelings of the family?  I know they grieve. You-all do too.  I'm sorry.  But we are not at a funeral.  We are a court of law.

> And we have to look at the things realistic.  And realistically they have not proven their case beyond a reasonable doubt and to a moral certainty.  They are asking you to speculate.

(*Id.* TR. at pg. 337.)

While Free states that *United States v. Cronic*, 466 U.S. 648 (1984) (holding that *Strickland* prejudice will be presumed if: (1) counsel is completely denied; (2) counsel is denied at a critical stage of trial; or (3) counsel "entirely" fails to subject the prosecution's case to meaningful adversarial testing) controls this allegation of counsel's ineffectiveness, the court does not agree.  The undersigned finds no prejudice from the two isolated statements in trial counsel's closing argument to which Free refers. *See United States v. Smith,* 918 F.2d 1551, 1562 (11th Cir. 1990) (stating that "[b]ecause statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered"); *Shriner v. Wainwright,* 715 F.2d 1452, 1459 (11th Cir. 1983) (noting that "with a properly instructed jury, there is nothing to show the jury relied on the prosecutor's remarks," and citing *Grizzell v. Wainwright,* 692 F.2d 722, 726-27 (11th Cir. 1982) for the proposition that "'[a] jury is presumed to follow [the] jury's instructions as to evidence it may consider.'").  Thus,  Free's challenge to trial counsel's statements fails to show the harm necessary to this claim of ineffectiveness.  *Strickland*, 466 U.S. at 687-688.  Free, therefore, has failed to establish that trial counsel provided ineffective assistance and the question of presumed prejudice never even arises.  Based on the foregoing discussion and from its own independent review of the evidentiary materials filed herein, the undersigned finds that the state court's rejection of

Free's ineffective assistance of counsel claims was objectively reasonable.  *See Williams v. Taylor, supra.*  This decision was likewise a reasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  Consequently, Free is not entitled to habeas relief on his claims of ineffective assistance of counsel.

   *iv.  Self-Incrimination*

Free argues that his Fifth Amendment right against self-incrimination was violated when the court required him to stand in the presence of the jury, remove his coat, tie, and shirt, and pull up his undershirt for purposes of displaying a tattoo to a witness and the jury. The Alabama Court of Criminal Appeals disagreed with Free's contention that requiring him to show a tattoo to a witness in the presence of the jury violated his right not to give evidence against himself. It concluded that Free's showing of his tattoo was not evidence that was testimonial or communicative in nature.  (Doc. No. 11, Exh. D at pg. 13.)

In making its determination on this issue, the appellate court quoted from a decision entered by the Alabama Supreme Court in *Hill v. State*, 366 U.S. So.2d 318 (Ala. 1979), which cited to the Supreme Court decision in *Schmerber v. California*, 384 U.S. 757 (1966).

> "'. . .[I]n *Schmerber,* . . . [the Court] [ ] interpreted th[e] privilege [against self-incrimination] as protecting "an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature . . ."  *Id.* at 761 . . .  The Court noted that the distinction has emerged between compulsion of communications or testimony on the one hand, and the compulsion which makes the accused the source of real or physical evidence on the other, with the latter being beyond the scope of the privilege.  The Court stated: "Both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture."  *Id.* at 764. . .

(Doc. No. 11, Exh. D at pg. 12.)

In cases in which the government seeks to compel a defendant to show various types of physical characteristics to the jury it has been repeatedly held that this does not infringe on the Fifth Amendment privilege against self-incrimination. *See United States v. Dionisio,*, 410 U.S. 1, 5-6 (1973); *Schmerber,* 384 U.S. at 764; *Holt v. United States,* 1910, 218 U.S. 245, 252-53 (1910); *United States v. Valenzuela,* 722 F.2d 1431, 1433 (9th Cir. 1983). The court finds that the record supports the Court of Criminal Appeals' determination that the showing of Free's tattoo evidence was not testimonial or communicative in nature and, thus, not a violation of his right against self-incrimination. The undersigned, therefore, concludes that the appellate court's conclusion was neither "contrary to" nor an "unreasonable application of" Supreme Court precedent. As a result, Free is not entitled to habeas relief on this claim.

## C. *Procedural Default*

Respondents argue that Free's remaining claims are procedurally barred from review by this court. Specifically, Respondents argue that Free's claims that his capital murder conviction was the result of the trial court's improper denial of a jury instruction on circumstantial evidence, and the trial court's failure to provide him with a copy of the grand jury testimony used to indict him, were presented on direct appeal but abandoned in his petition for writ of certiorari to the Alabama Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Respondents argue that Free's allegations that his capital murder conviction was (1) the result of a procedural due process denial for not transcribing voir dire

21

proceedings, (2) the product of an unsworn jury, (3) the result of the trial court's failure to give jury instructions on lesser included offenses, and (4) the product of the trial court's improper amendment of the indictment, are defaulted because the Alabama Court of Criminal Appeals found these claims defaulted on appeal of Free's Rule 32 petition because they could have been raised at trial or on direct appeal but were not. *See Harris v. Reed*, 489 U.S. 255 (1989).   Respondents further maintain that Free's challenges to appellate counsels' performance are defaulted because they were either raised for the first time on appeal from the denial of his post-conviction petition or are raised for the first time in the instant action. *Id.*; *see also Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988).  (Doc. Nos. 10, 26.)

This court may reach the merits of Free's procedurally defaulted claim only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

The court afforded Free an opportunity to demonstrate the existence of cause for his failure to raise his claims in the state courts properly and prejudice resulting from this failure. In an effort to meet his burden of establishing cause and prejudice or a miscarriage of justice, Free alleges that he received ineffective assistance of appellate counsel who failed to include in the petition for writ of certiorari the claims that his conviction resulted from the trial court's improper denial of a jury instruction on circumstantial evidence and its denial of a

22

copy of the grand jury testimony used to indict him. (Doc. No. 17.)  He also states that this court should address his claims on the merits in order to avoid a fundamental miscarriage of justice.  (Doc. No. 28.)  Based on this assertion of cause, the court required Respondents to file a supplemental answer addressing this claim.  In their supplemental answer, Respondents argue that the claim of ineffective assistance of appellate counsel is procedurally defaulted because Free did not present such claim to the state courts in compliance with requisite state procedural rules.  (Doc. No. 26.)

Ineffective assistance of appellate counsel will excuse a procedural default if the claim itself is independently and properly raised.  *See Murray v. Carrier*, 477 U.S. 478 (1986); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992).   Free, however, failed to raise his claim of ineffective assistance of appellate counsel in the state courts in accordance with the state's procedural rules.  (*See* Doc. No. 26.)  Unless Free can satisfy the cause and prejudice standard for his procedurally defaulted ineffective assistance of appellate counsel claim, this claim cannot serve as cause for other procedurally defaulted claims.  *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996).

In order for a habeas petitioner to demonstrate cause for his defaults, he must establish that an objective impediment, not of his own making, denied him the opportunity of properly presenting his claims to the state courts.  *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).  Free has presented nothing to this court which establishes cause for his failure to raise the claim of ineffective assistance of appellate counsel independently and properly in the

state courts.  Thus, this claim cannot constitute cause necessary to excuse Free's procedural defaults on his substantive claims for relief.[3]

To the extent Free argues that his claims regarding a failure to transcribe voir dire proceedings, an unsworn jury, the trial court's failure to give a jury instruction on lesser included offense, and the improper amending of the indictment should not be considered defaulted because the state court did not "'clearly and expressly'" rely on a waiver as a ground to reject th[e] claim[s]," he is entitled to no relief.   (Doc. No. 28.)  To determine whether a state procedural bar constitutes an independent and adequate state rule or decision, the last state court rendering judgment must clearly and expressly state that it is relying on a state procedural rule to resolve the federal claim, must not decide the claim on the merits, and must base its decision entirely on an "adequate" state procedural rule. *Coleman*, 501 U.S. at 729-30; *Harris*, 489 U.S. at 262; *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990). An adequate rule is one that is firmly established and regularly followed - that is, not applied in an arbitrary or unprecedented fashion. *Card v. Dugger*, 911 F.2d 1494, 1517 (11th Cir. 1990).

---

[3]Even if Free had not defaulted the claim, this challenge to appellate counsel's performance is without merit.  The State of Alabama authorizes appointment of counsel for a convicted defendant who files a first appeal as of right following his conviction.  *See Johnson v. State*, 584 So.2d 881, 883 (Ala. Crim. App. 1991).  This right to appointed counsel, however, is not further extended for a defendant who seeks either discretionary review in the Supreme Court of Alabama or a writ of certiorari in the United States Supreme Court.  *Ross v. Moffit*, 417 U.S. 600, 610-12, 615-18 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in the [United States Supreme] Court."); *see also Cunningham v. State*, 611 So.2d 510, 511 (Ala. Crim. App. 1992).

Free presents no evidence that the state court applied state procedural rules in an inconsistent or unfair manner. Rather, he simply states that "[he] properly raised these Constitutional claims in state courts. . ." without any valid legal argument to support the statement. Because the state court's procedural bar is an adequate and independent state ground for denial of the above-noted claims, this court cannot review these claims on the merits.

Even though Free has failed to establish cause for his default, the court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice. Here, Free maintains that he is actually innocent. (Doc. No. 28 .)

The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327 (*citing Murray v. Carrier*, 477 U.S. 478, 496 1986)). "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable [trier of fact] would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schulp*, 513 U.S. at 327-28). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

*Schlup* observes that

> a substantial claim that constitutional error has caused the
> conviction of an innocent person is extremely rare. . . .  To be
> credible, such a claim requires petitioner to support his
> allegations of constitutional error with new reliable evidence –
> whether it be exculpatory scientific evidence, trustworthy
> eyewitness accounts, or critical physical evidence – that was not
> presented at trial. Because such evidence is obviously
> unavailable in the vast majority of cases, claims of actual
> innocence are rarely successful.

*Id*. at 324.

Free offers nothing to support his claim that he is actually innocent of the crime for which he was convicted. He has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence. Thus, he cannot meet the fundamental miscarriage of justice exception as set forth in *Schlup*.  Free's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner James Anthony Free be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 24, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE